UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| Michael Nytsch, <br><br> Plaintiff, <br><br> v. <br><br> Frontline Asset Strategies, LLC <br> c/o CT Corporation System <br> 208 SO Lasalle ST, Suite 814 <br> Chicago, IL 60604 <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT** <br><br><br><br> **Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Oregon.

4- Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5- Plaintiff incurred a "Debt" as defined in the FDCPA.

6- Defendant is a company with its principal office in the State of Minnesota.

7- Defendant acquired the Debt after it was in default.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

1

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10- At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11- On or around April 12, 2022, Plaintiff's attorneys sent a letter to Defendant notifying Defendant of Plaintiff's representation.

12- Despite being notified of Plaintiff's representation, Defendant communicated with Plaintiff at least one (1) time thereafter.

13- By communicating with Plaintiff after being notified of their attorney representation, Defendant violated the FDCPA.

14- Defendant actions, directly and proximately, caused undue stress and anxiety for Plaintiff; thereby damaging Plaintiff.

## COUNT I

15- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

16- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after having notice of attorney representation.

## COUNT II

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT III

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## JURY DEMAND

21- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

22- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

The Litigation Practice Group

By: */s/ Peter M. Schneider*
Peter M. Schneider, Esq.
6725 116th Avenue NE, Suite 160
Kirkland, WA 98033
Tel: 425-215-2295
peter@lpglaw.com
*Attorney for Plaintiff*